Escudero v Belmont Ave 2321 LLC (2026 NY Slip Op 01848)

Escudero v Belmont Ave 2321 LLC

2026 NY Slip Op 01848

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Index No. 800463/22|Appeal No. 6202|Case No. 2024-04943|

[*1]Danilo Veliz Escudero, Appellant,
vBelmont Ave 2321 LLC et al., Respondents, NY CC Construction Corporation, Defendant. (And a Third-Party Action.)

Rubin Law, PLLC, New York (Denise A. Rubin of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Purchase (Giancarlo Santino Vecchiarelli of counsel), for respondents.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered July 31, 2024, which denied plaintiff Danilo Veliz Escudero's motion for summary judgment on liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim. Plaintiff provided unrebutted testimony that while he was tightening a coupling on a pipe in the ceiling, the A-frame ladder he was standing on moved, causing him to fall and the ladder to tip over (see Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 647 [1st Dept 2021]).
However, in opposition, defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident. Plaintiff's unrebutted testimony was that he had to use the ladder to reach the ceiling, and that the ceiling was "a little more" than six-feet high. Defendants' expert's opinion that plaintiff did not need a ladder was based on an incomplete reading of plaintiff's testimony, and did not otherwise identify first-hand knowledge or other evidence about the actual height of the ceiling, and was thus, speculative (see Min Zhong v Matranga, 208 AD3d 439, 443 [1st Dept 2022], affd 39 NY3d 1053 [2023]). Even if plaintiff's testimony contained inconsistencies concerning the height of the ceiling, such inconsistencies were insufficient to raise a triable issue of fact as to how the accident occurred (cf. Simpertegui v Carlyle House Inc., 227 AD3d 486, 486 [1st Dept 2024]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026